FILED
CLERK, U.S. DISTRICT COURT

MAY − 7 2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIJAH ZIONI FINDEIS,<br><br>Defendant. | Case No.  26-MJ-2611 −\\<br><br>ORDER OF DETENTION |

## I.

On May 7, 2026, Defendant Elijah Zioni Findeis made his initial appearance on the Criminal Complaint filed in this matter.  William Hovsepyan, a member of the CJA panel, was appointed to represent Defendant.  The government was represented by Assistant United States Attorney Lauren Border.   The Defendant

submitted on the recommendation of detention in the report prepared by Probation and Pretrial Services.

☒    On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒    On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure:  ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered the information presented at the hearing, the arguments of counsel, and the report and recommendation prepared by U.S. Probation and Pretrial Services.

\\

\\

\\

IV.

2

The Court bases its conclusions on the following:

As to risk of non-appearance:

⊠  unstable residence

⊠  no identified bail resources

⊠  criminal history includes probation violations and active warrants.

⊠  unrebutted presumption.

As to danger to the community:

⊠  Defendant is alleged to be a street level drug dealer in MacArthur Park

⊠  2025 drug conviction for which Defendant is on probation

⊠  criminal history includes felony conviction for fraud, misdemeanor convictions for vandalism, inflicting injury on spouse and battery on spouse, and multiple law enforcement contacts for similar offenses.

⊠  substance use history

⊠  alleged association with street gang.

⊠  unrebutted presumption

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be

3

afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: May 7, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE